An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| 9320 POKEWOOD CT TRUST,<br>Appellant,<br>vs.<br>WELLS FARGO BANK OF NEVADA,<br>N.A.; AND QUALITY LOAN SERVICE<br>CORPORATION,<br>Respondents. | No. 63009 |
| 9320 POKEWOOD CT TRUST,<br>Appellant,<br>vs.<br>WELLS FARGO BANK, N.A.; AND<br>QUALITY LOAN SERVICE<br>CORPORATION,<br>Respondents. | No. 63384 |

FILED

NOV 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER VACATING, REVERSING, AND REMANDING

These are consolidated appeals from a district court order denying a preliminary injunction and an order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

The district court denied appellant's motion for a preliminary injunction, finding that appellant was not likely to succeed on the merits because "the super priority lien reference in NRS 116.3116 is merely a priority of payment lien and does not permit the foreclosure of a first deed of trust." The district court granted respondents' motion to dismiss for the same reason. This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decisions thus

14-38650

were based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

VACATE the order denying preliminary injunctive relief, REVERSE the order granting the motion to dismiss, AND REMAND this matter to the district court for further proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Wells Fargo lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of these appeals.

_____, J.
Cherry

---

[1]The injunction imposed by our June 17, 2013, order is vacated.

cc:    Hon. Michael Villani, District Judge
Law Offices of Michael F. Bohn, Ltd.
McCarthy & Holthus, LLP/Las Vegas
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A